CITY OF ST. LOUIS, Respondent, *v.* MARSHALL P. SANGUINET, Appellant.

1.  *Revenue—Real estate agent, license of—Ordinance—Constitution.*—A general ordinance imposing a license of $100 upon a real estate agent, and not in express terms repealing a prior general ordinance imposing a license of $50, is, under section 3, article III, of the charter of the city of St. Louis, invalid.

*Appeal from St. Louis Criminal Court.*

*Griffin & Smith*, for appellant.

*McCarty*, for respondent.

ADAMS, Judge, delivered the opinion of the court.

This was a proceeding commenced before the police justice of the city of St. Louis, for violation of city ordinance No. 7232,

for refusing to take out license as real estate agent. In that court judgment was rendered against the defendant for $25 penalty, from which he took an appeal to the St. Louis Criminal Court. Upon the trial of the case in the Criminal Court the city introduced and read the above ordinance, and it was admitted by the defendant that he had done business as a real estate agent as charged, without taking out a license under that ordinance. The ordinance referred to requires a license fee of $100 to be paid. The defendant introduced as evidence ordinance No. 5,453, approved August 10, 1864, entitled "Revenue," and especially that part of it which provides "that there shall be levied upon a merchandise or real estate broker's license $50." This latter ordinance was in existence when ordinance No. 7,232 was passed. The case was submitted to the court without a jury, and the court gave judgment against the defendant, from which he has appealed to this court. Ordinance No. 7,232 does not, in express terms, repeal the prior ordinance. Section 3 of article III of the city charter provides "that no special or general ordinance which is in conflict with general ordinances of prior date shall be valid or effectual until such prior ordinance, or the conflicting parts thereof, are repealed by express terms."

The only material question in the case is whether the two ordinances conflict or are inconsistent. They are both general ordinances, and, so far as real estate agents are concerned, have reference to the same subject-matter, the object being to impose a license tax on such agents. In either case the amount of this tax is of the very essence of the law; one imposes a tax of $50 and the other a tax of $100. These two amounts are manifestly inconsistent, and therefore the ordinances, in this respect, are inconsistent. In this view, under the charter, the last ordinance was invalid when this proceeding was instituted, and so remained until the first ordinance was expressly repealed, which, it seems, did not take place till 1871.

The judgment is reversed. The other judges concur.